FILED
2006 Nov-13 AM 08:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES JOHN PITTMAN, ) | |
| ) | |
| Plaintiff ) | 3:06CV1053-WKW |
| ) | |
| vs. ) | Case No. 2:06-cv-04611-HGD |
| ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF ALABAMA, et al., ) | |
| ) | |
| Defendants ) | |

## ORDER

Plaintiff, James John Pittman, has filed a *pro se* complaint alleging violation of his constitutional right to equal protection of the laws. He names as defendants the Attorney General of the State of Alabama, the District Attorney of each county in the State of Alabama, and several city police and county sheriff's departments in the state.

Plaintiff is claiming that people and companies have stolen his computer services, software and equipment, but he has been denied police reports and arrest warrants. He also alleges that he worked for a storage company in Lee County that failed to pay him, but the Lee County District Attorney refused to do anything about



TRUE COPY
By: _____

it. Plaintiff resides in LaFayette, Alabama, which is located in Chambers County. The court judicially knows that Chambers County and Lee County are located within the jurisdiction of the United States District Court for the Middle District of Alabama. *See* 28 U.S.C. § 81(b)(3).

Title 28 U.S.C. § 1391(b) places venue for an action not founded solely on diversity of citizenship in a judicial district where any defendant resides or in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Title 28 U.S.C. § 1404(a) allows a district court to transfer a case "for the convenience of parties and witnesses" and "in the interest of justice" to any other district in which it might have been brought. The "interest of justice" test involves consideration of "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be most 'easy, expeditious and inexpensive.'" *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981), quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L.Ed. 1055, 1062 (1947). After consideration of the convenience of parties and witnesses and the interest of justice, the court concludes that pursuant to 28 U.S.C. § 1404(a), this action should be transferred to the Middle District of Alabama.

Accordingly, it is ORDERED that this action is due to be and hereby is TRANSFERRED to the United States District Court for the Middle District of Alabama.

DONE this 9th day of November, 2006.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE