IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES JOHN PITTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO.3:06CV1053-WKW |
| ) | [WO] |
| ATTORNEY GENERAL, STATE OF ) | |
| ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, JAMES PITTMAN, has filed a *pro se* complaint alleging civil rights violations against the Attorney General of the State of Alabama; City of Auburn Police Department; City of Birmingham Police Department; City of Gardendale Police Department; Shelby County Sheriff's Department; Walker County Sheriff's Department; and, sixty-eight County District Attorneys. Pending before this court is plaintiff's Motion for Leave to Proceed *in forma pauperis*.

Upon review of the complaint, the court concludes that plaintiff's motion should be DENIED and his complaint should be dismissed for a variety of reasons.

First, plaintiff's complaint, which is presented in a general and conclusory fashion fails to meet the requirements of Fed. R. Civ. P. 8(a), by including a statement of the acts or omissions as well as pertinent dates and places for any relevant occurrences of each defendant who is alleged to have violated any federal constitutional or statutory rights, together with a concise summary of the manner in which the named defendants accomplished the alleged violations.

Secondly, under the provisions of 28 U.S.C. § 1915(e)(2)(B)(I), an action filed *in forma pauperis* may be dismissed if it is frivolous or malicious. A claim is frivolous when

it lacks an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). The lawsuit before the court is plainly frivolous because it lacks an arguable basis in the law.

As best the court can determine the complaint appears to allege a denial of equal protection because the defendants have failed to prosecute individuals alleged to have stolen plaintiff's computer software and services, when plaintiff would have been prosecuted under the same circumstances.

Plaintiff also claims that the defendants have failed to act when certain unnamed individuals in Lee County have failed to pay for services or labor rendered.

Plaintiff's claims lack merit because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." ***Linda R.S. v. Richard D.***, 410 U.S. 614, 619, 93 S. Ct. 1146 (1973).

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the Motion for Leave to Proceed *in forma pauperis* be DENIED and the above-referenced action be DISMISSED as frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(I). It is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing or transmittal to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE THIS 6th day of December, 2006.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE